BILL LOCKYER, Attorney General
  of the State of California
JAMES M. HUMES
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
JENNIFER A. NEILL
Supervising Deputy Attorney General
DAVID A. CARRASCO, SBN 160460
Supervising Deputy Attorney General
    1300 I Street, Suite 125
    P.O. Box 944255
    Sacramento, CA 94244-2550
    Telephone: (916) 323-1938
    Fax: (916) 324-5205

Attorneys for Defendants
Chastain, Stiles, Grady, Van Sandt, Meeks and Marston
SA2005102150

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| FRANCIS HORN, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF CALIFORNIA, et al., <br><br> Defendants. | Case No. 2:05-cv-0814 MCE KJM P <br><br> **STIPULATION FOR PROTECTIVE ORDER** |

IT IS STIPULATED BY THE PARTIES AND ORDERED BY THE COURT AS FOLLOWS:

**A.  CONFIDENTIAL MATERIAL SUBJECT TO THIS PROTECTIVE ORDER**

During the course of discovery, plaintiff requested documents from the medical and central files of two inmates.  One of the inmates, Gilbert Salazar (C-14562) (the decedent), plaintiff's son, died in prison.  The other inmate, C. Frank Christian (B-66387), was decedent's cell mate at the time of his death, and is alleged by plaintiff to have murdered decedent.

Plaintiff and defendants have subpoenaed the central file and medical records of both decedent and Christian (confidential material).


1 These records are deemed confidential by the California Department of Corrections and
2 Rehabilitation (CDCR) pursuant to California Evidence Code section 1040 and California Code of
3 Regulations, title 15, section 3370(d). In addition, the confidential material is subject to a
4 qualified privilege as official information under Federal common law.

5 Some central file records may contain investigative reports and summaries of interviews
6 with inmates and staff concerning incidents not related to this case. Such investigative reports and
7 interview summaries, as are countless others prepared by CDCR staff, were prepared with the
8 understanding that statements made in the course of the interviews would remain confidential.
9 The disclosure of these investigative documents without a protective order will undermine the
10 CDCR's ability to assure its employees and inmates that their statements will be maintained in
11 confidence. The likely result of unprotected disclosure of these reports is that CDCR employees,
12 whether subjects of investigations or witnesses to incidents being investigated, will be unwilling or
13 less willing to cooperate with investigators. Accordingly, a protective order is warranted for these
14 reports.

15 In addition, some of the medical records concern psychiatric care and drug rehabilitation,
16 which are deemed particularly sensitive. Beyond the confidentiality of medical records generally,
17 the psychiatric and drug rehabilitation records deserve heightened protection under the Health
18 Insurance and Portability Accountability Act.

19 **1. Records subject to this protective order without in camera review**

20 Pursuant to the conditions set forth in this protective order, the CDCR will release
21 decedent's central file (with exceptions specified below) and medical records, including any
22 psychiatric and drug rehabilitation records. CDCR is willing to release these records because
23 plaintiff, one of the parties who has subpoenaed these records, is decedent's mother and her action
24 concerns his death.

25 Upon receipt of plaintiff's subpoena for Christian's central file and medical records, the
26 CDCR served Christian with a notice to consumer, pursuant to California Code of Civil Procedure
27 section 1985.3, to give him the opportunity to object to the release of these records to the parties.
28 A copy of this notice is attached as exhibit 1.

1  On January 19, 2006, Christian objected in writing to the release of his records. A copy of
2  Christian's written objection is attached as exhibit 2. Notwithstanding Christian's objections, and
3  regulations and state law protecting such records, CDCR will release Christian's central file and
4  medical records (with exceptions specified below) subject to the conditions set forth in this
5  protective order.

6       **2. Records subject to this protective order after in camera review**

7       The records from the central medical files of both decedent and Christian contain or may
8  contain information warranting greater protections than are afforded most of the other records in
9  these files. The central files of these inmates include criminal history summaries the disclosure of
10  which is prohibited by California Penal Code section 11142; the files may include investigative
11  reports and summaries of interviews with staff or inmates concerning incidents not related to this
12  case, the disclosure of which could jeopardize institutional security and safety; and there may be
13  other information in these files which is not relevant to this action and, if disclosed, would
14  undermine institutional security and safety. Christian's medical file also includes or may include
15  documents which are particularly sensitive (e.g., medical records concerning psychiatric and drug
16  treatment).

17       With respect to these records, which deserve even more protection than the other
18  confidential matter contained in the central file and medical records, the parties stipulate to the
19  following procedure: (1) assuming such records exist, before CDCR releases these records to
20  plaintiff, the parties will meet and confer to determine whether they can agree that the records lack
21  relevance and, therefore, need not be produced, or are relevant and will be produced subject to the
22  conditions set forth below; (2) if the parties do not agree, then the documents in question will be
23  presented to the Court for its in camera review to determine whether such records are sufficiently
24  relevant to this case to warrant disclosure given the legal restrictions and security concerns
25  connected to these records; and (3) documents ordered to be produced after the in camera review
26  will be subject to the conditions of this protective order as set forth below.

27  ///

28  ///

3

**B. CONDITIONS FOR RELEASE OF CONFIDENTIAL MATERIAL**

All central file and medical records released in connection with this case to be treated as confidential material subject to the following conditions:

1. Before releasing any confidential material, the CDCR will redact personal addresses, dates of birth, social security numbers, and other identifying information (collectively, "identifying information") about any employee of the CDCR, any victim of crime(s), or any third party. Identifying information shall not be disclosed without further order of this Court. In no event shall confidential material containing identifying information about any employee of the CDCR be made public without written notice to the CDCR and the Court.

2. The confidential material may be disclosed only to the following persons:

   (a) Counsel of record for plaintiff in this action;

   (b) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel for plaintiff;

   (c) Court personnel and stenographic reporters engaged in such proceedings as are incidental to the preparation for the trial in this action;

   (d) Any outside expert or consultant retained by plaintiff's counsel for purposes of this action;

   (e) Witnesses to whom the confidential material may be disclosed during or in preparation for a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witness may not leave any deposition with copies of any of the confidential material, and shall be informed and agree to be bound by the terms of this order;

3. Plaintiff's counsel and his legal assistants and consultants shall not make copies of the confidential material except as necessary for purposes of this litigation.

4. Each person to whom disclosure of the confidential material is made shall, prior to the time of disclosure, be provided by the person furnishing such materials a copy of this stipulated protective order, and shall agree in writing that he or she has read the stipulated protective order, and understands its provisions and conditions.

///

The writing shall include the express consent of the person to whom the disclosure is made to be subject to the jurisdiction of this Court with respect to any proceeding related to enforcement of this stipulated protective order, including without limitation, any proceeding for contempt.

5. All confidential material in possession of plaintiff's counsel shall be destroyed or returned to the CDCR within 20 days of the time it is no longer needed for purposes of this litigation.

6. When plaintiff's counsel returns or destroys the confidential material, he shall provide defendants' counsel with a declaration stating the all confidential material has been returned or destroyed.

7. All confidential material obtained by plaintiff's counsel shall not be disclosed except as is necessary in connection with this or related litigation, including appeals, and not for any other purpose, including any other litigation.

8. Any confidential material filed with the Court by either party shall be filed and maintained under seal.

9. Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

10. The provisions of this protective order are without prejudice to the right of any party:

   (a) To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation;

   (b) To apply to the Court for an order removing the confidential material designation from any documents;

   (c) To object to a discovery request.

11. The provisions of this order shall remain in full force and effect until further order of this Court.

///

///

///

IT IS SO STIPULATED.

Dated: May 3, 2006                      */s/ David A. Carrasco*
DAVID A. CARRASCO
Attorney for Defendants


Dated: May 3, 2006                      */s/ William E. Gilg (Orig. w/D. Carrasco)*
WILLIAM E. GILG
Attorney for Plaintiffs

## ORDER

The Court, having considered the parties' stipulation for protective order, and good cause showing therefore, orders as follows:

(1) The medical records of decedent Gilbert Salazar (C-14562), including any psychiatric and drug treatment records, and his central file records, excepting his criminal history summary, investigative reports or summaries of interviews concerning incidents not related to the claims in this case, and other documents the disclosure of which would jeopardize institutional safety and security, shall be released subject to the conditions stipulated by the parties;

(2) The medical records of inmate Christian (B-66387), excluding any psychiatric or drug treatment records, and his central file records, excepting his criminal history summary, investigative reports or summaries of interviews concerning incidents not related to the claims in this case, and other documents the disclosure of which would jeopardize institutional safety and security, shall be released subject to the conditions stipulated by the parties;

(3) The parties shall meet and confer on any disputes concerning production of Christian's psychiatric and drug treatment records, and both inmates' central file records, such as criminal history summaries, investigative reports or summaries of interviews concerning incidents not related to the claims in this case, or other documents the disclosure of which would jeopardize institutional safety and security; and

///

///

///

(4) If the parties cannot agree on whether or not any documents specified in (3) above should be produced subject to the stipulated conditions, such documents shall be presented for the Court's in camera review; and any documents ordered to be produced after the in camera review will be subject to the stipulated conditions of this protective order.

IT IS SO ORDERED.

Dated: May 9, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE