1
2
3
4
5
6
7

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCIS HORN,

      Plaintiff,                               No. CIV 05-814 MCE KJM

      vs.

STATE OF CALIFORNIA, et al.,

      Defendants.                        FINDINGS AND RECOMMENDATIONS

_____/

          This action was removed from state court on April 22, 2005.  At that time, plaintiff was represented by counsel.  After plaintiff's counsel was granted leave to withdraw from the case, plaintiff was duly served with a notice of deposition.  Plaintiff failed to appear at her deposition.  Defendant moved to dismiss for failure to attend deposition or in the alternative to compel plaintiff's attendance at deposition and for reasonable expenses.  No opposition to that motion was filed.  The court granted the motion to compel, ordered plaintiff to appear for her deposition, cautioned plaintiff that failure to comply with the court order might result in a recommendation of dismissal, and deferred awarding expenses contingent upon plaintiff's appearing at her deposition.

          Plaintiff was again duly served with a notice of deposition and failed to appear. Defendant now moves to dismiss with prejudice as a sanction for failure to comply with the

court's discovery order. No opposition to the motion to dismiss has been filed and plaintiff failed to appear at the hearing on this matter.

Under Federal Rule of Civil Procedure 37(b)(2), dismissal is appropriate for failure to comply with an order compelling discovery where plaintiff has demonstrated willfulness, bad faith or fault. Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1341 (9th Cir. 1985). The court finds plaintiff's conduct, as outlined above, to be in bad faith. Despite repeated efforts on the part of the court and defense counsel to elicit plaintiff's appearance at deposition, plaintiff has repeatedly stonewalled defendants. Upon weighing the five factors set forth in Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990), it appears dismissal is warranted as a discovery sanction. See Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994) (application of five factors, namely (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions).

The first two factors on their face, expeditious resolution of litigation and management of the court's docket, favor the imposition of sanctions in this case, which has been pending for over three years; there has been no prosecution whatsoever on the part of the plaintiff for over a year since her attorney's withdrawal from the matter. Regarding the third factor, prejudice to defendants, the defendant here has repeatedly attempted to obtain plaintiff's deposition, which would appear vital to its defense of this action, and been utterly thwarted. Moreover, delay itself generally is prejudicial--witness memories fade and evidence becomes stale or undiscoverable. While the fourth factor favors resolution on the merits, there is no evidence in the record that plaintiff has taken any steps to appropriately prosecute this action. In addition, forcing defendant to proceed to trial without the deposition of plaintiff can hardly be characterized as a fair trial on the merits. As to the fifth factor, the court has already employed less drastic sanctions, all to no avail. The court declined to issue terminating sanctions upon

1  plaintiff's first refusal to attend deposition and ordered plaintiff to appear for her deposition
2  when it was reset.  Despite being cautioned that failure to comply would result in a
3  recommendation of dismissal, there has been no response from plaintiff and she again failed to
4  appear for deposition.  Plaintiff also has failed to oppose the pending motion and failed to appear
5  at the hearing, indicating abandonment of the litigation.  The court therefore concludes there is
6  no suitable alternative sanction less drastic than dismissal.

7      Accordingly, IT IS HEREBY RECOMMENDED that:

8      1. This action be dismissed with prejudice; and

9      2. Reasonable expenses be awarded in the amount $1,819.40 against plaintiff to
10 defendants.

11     These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
13 days after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
16 shall be served and filed within ten days after service of the objections.  The parties are advised
17 that failure to file objections within the specified time may waive the right to appeal the District
18 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

19 DATED: October 3, 2008.

_____
U.S. MAGISTRATE JUDGE

26 006 horn.57